McBride, judge,
delivered the opinion of the court.
I. & S. Cole instituted an action of assumpsit in the Ste. Genevieve circuit court against the administrators of Richard Maddin, deceased, and after certain proceedings were had in that court the cause was removed by a change of venue to the St. Francois circuit court, where the plaintiffs obtained judgment: the defendants prayed for a new trial, which was refused, and they excepted, and have brought the case here by writ of error.
The error complained of was the refusal of the court to grant a rule upon the clerk of the Ste. Genevieve circuit court to certify and transmit to the St. Francois circuit court certain papers appertaining to the cause which were on file in his office. The motion made for the rule is accompanied by an affidavit of the attorney in the cause, which states “that there were papers on file in the office of the clerk of Ste. Genevieve county, in the above entitled cause, which papers were originals, or, by the consent of the parties, copies to be used as originals, and which papers are material in the cause.” The court required the attorney to designate, in his affidavit, the papers not returned, which he declined doing on the ground that his recollection was not sufficiently distinct to describe them; thereupon the court overruled the motion and refused the rule.
It appears from the record that the defendants obtained' an order on the plaintiffs to file a bill of particulars in the case ¿'and also to produce the books in which the charges were made against the intestate; that, in compliance with the order, the original account was cut from the hook, and filed as a bill of particulars ¿ and that this original accpunt was not sent to the St. Francois circuit court by the clerk of the Ste. Genevieve Circuit court, but a certified copy was transmitted with the other papers in the cause.
*63 We cannot perceive the necessity of having the original account, nor what injury the defendants could possibly sustain in consequence of its not having been transmitted with the other papers in the cause. The certified copy was in the St. Francois court, and im-ebjection was made to using it on account of its being a copy. But we consider it the duty of parties requiring the action of the court in cases of this kind, to set out in their application distinctly and particularly the papers which they desire, so that the court may be enabled to decide whether they are in fact important in the decision of the cause, and the court is not bound to act upon the presumption of their materiality, because the attorney in the case so regards them, without being able to designate what they are, or, being able, pertinaciously refuses to give to the court the desired information.
Judge Napton concurring herein, the judgment of the circuit court is affirmed.